**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| SB ENTERPRISES LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STRAITS ORTHOPAEDICS (MFG) SDN BHD, a Malaysian corporation,<br><br>Defendant. | Case No.: 8:26-cv-03278 |

## COMPLAINT

For its Complaint, Plaintiff, SB Enterprises, LLC ("**SBE**") alleges against Straits Orthopaedics (MFG) SDN BHD, as follows:

## THE PARTIES

1.

Plaintiff SBE is a Florida limited liability company, with its principal place of business located in Tarpon Springs, Pinellas County, Florida.

2.

Defendant Straits Orthopaedics (Mfg) Sdn Bdh ("**Straits**") is a Malaysian corporation doing business in the United States and in the State of Florida, with its principal place of business located in Penang, Malaysia.

3.

Defendant Straits is the owner of Medin Technologies, Inc., a New Jersey corporation.

## JURISDICTION

4.

This is an action for damages that exceeds $75,000.00.

5.

Jurisdiction is based on 28 U.S.C. 1332, based on the diversity of citizenship between SBE and Straits.

6.

Venue is proper in the Middle District of Florida because SBE has its principal place of business within the Middle District, specifically Pinellas County, Florida.

## THE CONTRACT

7.

In or about January 2, 2023, Plaintiff SBE entered into a Service Agreement contract with Defendant Straits wherein Plaintiff SBE agreed to perform, Defendant Straits appointed Plaintiff SBE to perform, certain services such as identifying business opportunities for Straits and developing marketing and sales strategies for Straits (the "**Contract**") A copy of the Contract is hereto as Exhibit

"A".

8.

The Contract was for a term of five (5) years.

9.

Under the terms of the Contract, Defendant Straits was to pay Plaintiff SBE an annual service fee in the initial amount of $278,000.00, with the annual service fee increasing by three percent (3%) each year.

10.

Additionally, the Contract provided that Defendant Straits would pay Plaintiff SBE certain incentive payments, specifically a Performance Based Growth Incentive Payment and a Performance Based Achievement Incentive Payment.

11.

Under the terms of the Contract, Defendant Straits was required to reimburse Plaintiff SBE for all of its travel-related expenses incurred in carrying out the provisions of the Contract, including hotel accommodations, transportation expenses, meals and customer entertainment.

12.

Additionally, the Contract provided that Defendant Straits would pay Plaintiff SBE a preliminary and set-up expenses payment of $350,000 over the first

year of the Contract.

13.

The Contract provided the Contract could be terminated by Defendant Straits for cause only upon the occurrence of certain enumerated events listed in Section 10.1 of the Contract, which included insolvency of either party, default or breach of provisions of the Contract, or force majeure events.

14.

Section 10 of the Contract provided the conditions under which the Contract could be terminated for cause by either party. Under the terms of Section 10.1(ii) of the Contract, if Straits believed SBE to be in breach or default of the Contract, Straits was required to provide SBE with a notice of the claimed breach allowing SBE thirty (30) days in which to rectify the claimed breach or default.

15.

Under Section 10.3.3(i) of the Contract, in the event Defendant Straits terminated the Contract prior to the expiration of the term for any reason other than the listed reasons, the Contract required Defendant Straits to pay Plaintiff SBE liquidated damages.

## GENERAL FACTS

16.

From January 2023 until April 9, 2025, Plaintiff SBE performed its duties

under the Contract without complaint from Defendant Straits.

17.

As required, Plaintiff SBE submitted its claim for expenses on a monthly basis.

18.

Before reimbursing Plaintiff SBE for its claimed expenses, Defendant Straits reviewed those expenses to determine if they were appropriate before reimbursing Plaintiff SBE.

19.

During the course of the Contract Defendant Straits questioned certain expenses submitted by Plaintiff SBE, and disapproved some expenses, and this was true up until April 2025.

20.

After a category of expense was disapproved by Defendant Straits, Plaintiff SBE did not submit an expense claim for that category of expense.

21.

In November 2024, Defendant Straits's sales were down and its Board of Directors began looking for ways to cut costs. At that time, Mr. TH Su, the then President of Defendant Straits approached Plaintiff SBE to inquire whether Plaintiff SBE would be interested in a buyout of the Contract. At that time SBE

declined a buyout.

22.

In February 2025, Mr. TH Su, contacted Plaintiff SBE suggesting that Plaintiff SBE accept a buyout of the Contract for a sum equivalent to six months of Plaintiff SBE's monthly billings. SBE responded to the suggested buyout by declining the amount offered and reminding Defendant Straits of the terms contained in the Contract and the amount required to be paid for early termination of the Contract by Straits.

23.

Two months later in April 9, 2025, Defendant Straits sent an email with an attached spreadsheet to SBE stating that certain expense items submitted by SBE since the beginning of the Contract needed further explanation and documentation.

24.

SBE responded to the April 9, 2025 email by providing the requested explanation and documentation.

25.

Several of the entries listed in the spreadsheet by Straits had not been paid

by Straits.

26.

Straits response to the requested explanation and documentation was a letter dated May 23, 2025 terminating the Contract and accusing SBE of fraud.

27.

In its May 23, 2025 termination letter, Defendant Straits also threatened to initiate "civil and/or criminal proceedings" against SBE in Malaysia if SBE failed to respond to Defendant Straits' Executive Vice President, Scott Gareiss by June 6, 2025.

28.

The May 23, 2025 termination letter did not indicate to what Plaintiff SBE was required to respond, in that the letter did not indicate Defendant Straits' decision to terminate the Contract could or would be affected by any response from Plaintiff SBE – it merely required a response with no explanation.

**FIRST CLAIM FOR RELIEF:**

**Breach of Contract**

**(Failure to Pay Amounts Owed for Early Termination)**

29.

Plaintiff SBE realleges and incorporates herein paragraphs 1 through 28, inclusive.

30.

Plaintiff SBE and Defendant Straits were bound by the terms of the Contract.

31.

At the time Defendant Straits prematurely terminated the Contract, a period of two years and seven months remained on the term of the Contract.

32.

In the year prior to Defendant Straits' premature termination of the Contract, Plaintiff SBE earned and was paid a base service fee of $286,340.00, a total Performance Based Growth Incentive and Performance Based Achievement Incentive Payments of $341,334.38, for a total of $627.674.38 in total fees earned in 2024.

33.

Based on the terms contained in section 10.3.3(i) of the Contract, by terminating the Contract prematurely, Defendant SBE was required to pay Plaintiff SBE a total of $1,621,492.15 in liquidated damages.

34.

The only money paid by Defendant Straits to Plaintiff SBE following Defendant Straits' termination of the Contract was for service fees earned prior to the termination and reimbursement of SBE's expenses incurred prior to the termination.

35.

Defendant Straits did not pay Plaintiff SBE any money in liquidated damages for the early termination of the Contract.

36.

By failing to pay the contractually required liquidated damages to Plaintiff SBE when it terminated the Contract, Defendant Straits breached the Contract.

37.

Following the requirements of the Contract, Plaintiff SBE provided notice to Defendant Straits of its breach of the Contract by letter dated September 8, 2025, giving Defendant Straits the required thirty (30) days time period within which to cure its breach.

38.

Rather than cure its breach of the Contract, Defendant Straits instead took the position that it was not required to provide Plaintiff SBE with notice detailing an alleged breach of the Contract and providing Plaintiff SBE thirty days within which to cure the alleged breach.

39.

As a result of Defendant Straits' breach of the Contract, Plaintiff SBE has been damaged in an amount of at least $1,621,492.15.

**SECOND CLAIM FOR RELIEF:**

**Breach of Contract**

**(Failure to Pay Earned Amounts and Reimbursements)**

40.

Plaintiff SBE realleges and incorporates herein paragraphs 1 through 39, inclusive.

41.

Plaintiff SBE continued to perform its obligations under the Contract until May 23, 2025, when Defendant Straits terminated the Contract.

42.

After receiving notification from Defendant Straits that the Contract had been terminated, Plaintiff SBE submitted its invoice, dated June 5, 2025, for the amounts due it under the Contract for the period of May 1, 2025 through and including May 23, 2025.

43.

The amounts owed to Plaintiff SBE for its work under the Contract for the period of May 1 - May 23, 1025 was $23,882.92.

44.

Defendant Straits failed and refused to pay Plaintiff SBE for its work performed for the period of May 1 – May 23, 2025.

WHEREFORE, Plaintiff prays for judgment against Defendant Straits, as follows:

a. On its First Claim for Relief, for Breach of Contract against Defendant Straits, judgment against Defendant Straits in an amount to be decided at trial but at least in the amount of $1,621,492.15 in favor of Plaintiff SBE;

b. On its Second Claim for Relief, for Breach of Contract against Defendant Straits, judgment against Defendant Straits in an amount to be decided at trial but at least in the amount of $23,882.92 in favor of Plaintiff SBE;

c. For prejudgment interest;

d. For costs and disbursements, and any prevailing party fees; and

e. For such other relief as the Court deems just and equitable.

DATED this 28th day of October, 2026.

_/s/ Andrew M. Brown, Esq._
Andrew M. Brown, Esquire
Florida Bar Number: 611610
MACFARLANE FERGUSON &
MCMULLEN
201 N. Franklin Street, Suite 2000
Tampa, Florida 33602
Telephone: 813-273-4200
Fax: 813-273-4396
Primary email: ab@macfar.com
Secondary email: plb@macfar.com

and

Donald J. Koehler, II, Esquire
OR Bar Number: 130313,
MI Bar Number: P85269
(pending admission *pro hac vice*)
3095 Derby Lane
Swartz Creek, MI 48473
Telephone: 515-419-9424
Primary email: djkoehlerlaw@gmail.com

*Attorneys for Plaintiff*
*SB Enterprises LLC*